UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

ELLIOT DECOSTA HUSBANDS,

                Petitioner,

        -against-

ALBERTO GONZALES, Attorney General
of the United States, THE BUREAU OF
CITIZENSHIP AND IMMIGRATION SERVICES,

                Respondents.
---------------------------------------------------------X

**OPINION & ORDER**
**CV-05-1481 (SJF)(MO)**

FEUERSTEIN, J.

Elliot DeCosta Husbands (petitioner) commenced this proceeding under, *inter alia*, 28 U.S.C. §§ 2201, 2241, and 1651 against defendants Alberto Gonzales, Attorney General of the United States, and the Bureau of Citizenship and Immigration Services (collectively, respondents), seeking declaratory and injunctive relief, and the issuance of writs of habeas corpus and mandamus. For the reasons set forth below, this action is transferred to the United States Court of Appeals for the Fifth Circuit.

I.     BACKGROUND

    A.     Factual Background

Petitioner is a citizen of Barbados who has had lawful permanent resident status in the United States since September 9, 1976.

On November 15, 2001, petitioner was arrested and charged with two counts of criminal sale of a controlled substance in the third degree, one count of criminal possession of a controlled

substance in the fifth degree, and one count of criminal possession of a controlled substance in the seventh degree. On or about January 16, 2001, petitioner pleaded guilty to criminal sale of a controlled substance (cocaine) in the fifth degree in violation of New York Penal Law § 220.31. On or about February 23, 2001, petitioner was sentenced in New York State County Court, County of Nassau, under indictment number 88N/01, *inter alia*, to a term of imprisonment of five months and five years probation (the felony drug conviction). According to petitioner, his attorney, Robert Peck, Esq. (Peck), advised him that his immigration status would not be affected by the plea. Petitioner maintains that although the crime to which he pleaded guilty was a deportable offense, it was not considered to be an "aggravated felony" by the Immigration and Naturalization Service (INS) and, thus, at the time he was sentenced he would have been eligible for cancellation of removal.

On June 7, 2001, during his probationary period, petitioner was arrested for a domestic dispute matter. Petitioner subsequently pleaded guilty to disorderly conduct and received a sentence of conditional discharge and a monetary fine.

Thereafter, upon the advice of counsel, petitioner admitted to violating his probation by failing to report and he was re-sentenced on the felony drug conviction to a determinate term of imprisonment of one year. According to petitioner, his counsel advised him that his immigration status would not be affected by his admission to violating his probation. Petitioner contends that pursuant to section 240 of the Immigration and Nationality Act (INA), his re-sentencing on the felony drug conviction rendered him ineligible for cancellation of removal because the sentence of a determinate term of imprisonment for one year reclassified his conviction from that of a deportable offense to that of an aggravated felony.

The Bureau of Citizenship and Immigration Services (CIS) subsequently placed a detainer on petitioner and commenced removal proceedings by serving him with a Notice to Appear dated May 15, 2001, charging violations of sections 237(a)(2)(B)(i) and 237(a)(2)(A)(iii) of the INA, 8 U.S.C. §§ 1227(a)(2)(B)(i) and (a)(2)(A)(iii), based upon his convictions of violating a state law relating to a controlled substance and of an "aggravated felony" as defined in section 101(a)(43)(B) of the INA, respectively.

By decision dated September 8, 2004, an Immigration Judge (IJ) for the United States Immigration Court in Oakdale, Louisiana, determined that petitioner was removable and ordered that he be removed from the United States to Barbados based upon the charges contained in the Notice to Appear. By per curiam decision dated February 3, 2005, the United States Department of Justice, Board of Immigration Appeals (BIA) affirmed the IJ's decision, rejected petitioner's claim of ineffective assistance of counsel, and dismissed the appeal.

B. Procedural Background

On March 18, 2005, petitioner commenced this proceeding under, *inter alia*, 28 U.S.C. §§ 2201, *et seq.*, 2241, and 1651 and 5 U.S.C. § 551, *et seq.*, seeking declaratory and injunctive relief, and the issuance of writs of habeas corpus and mandamus. Specifically, petitioner seeks an injunction enjoining respondents from deporting him until the Nassau County Criminal Court renders a decision on his then-pending vacatur motion, and a writ of mandamus compelling the CIS to consider the merits of his application for "cancellation of removal" pursuant to section

240A of the INA, 8 U.S.C. § 1229b[1].

On March 18, 2005, I denied petitioner's application for a temporary restraining order staying his deportation and issued an order to show cause to respondents why a writ of mandamus should not issue. Respondents have responded to the order to show cause and seek to have this action transferred to the United States Court of Appeals for the Fifth Circuit.

On April 15, 2005, Petitioner was removed from the United States to Barbados pursuant to the final order of removal[2].

II. DISCUSSION

Petitioner contends that he received ineffective assistance of counsel in the state court criminal proceedings as a result of Peck's misstatements to him regarding the immigration consequences of his guilty plea and admission to violating probation.

Initially, respondents contend that since petitioner is requesting a cancellation of removal and cites 28 U.S.C. § 2241, the habeas statute, in his petition, the proceeding is more properly characterized as seeking a writ of habeas corpus, rather than as seeking a writ of mandamus. Respondents further contend that, regardless of whether the proceeding seeks a writ of habeas

---

[1] "Cancellation of removal" is a form of relief available under section 240A of the INA to certain aliens who are otherwise deportable provided, *inter alia*, that the alien has not been convicted of an "aggravated felony." 8 U.S.C. § 1229b(a)(3).

[2] In light of my denial of petitioner's application for a TRO, and his subsequent removal from the United States, the branch of his petition which seeks injunctive relief is now moot. However, a collateral consequence of deportation is a permanent bar to entering the United States, which is sufficient to maintain a "live case or controversy." See, Swaby v. Ashcroft, 357 F.3d 156, 159-160 (2d Cir. 2004). Accordingly, petitioner's removal from the United States does not moot his challenge to the lawfulness of the underlying order of removal. Id.

4

corpus or a writ of mandamus, the REAL ID Act of 2005 (RIDA), Pub. L. No. 109-13, Div. B, 119 Stat. 231, enacted on May 11, 2005, deprives district courts of jurisdiction to review final orders of removal and requires transfer of petitions challenging such orders of removal to the appropriate court of appeals. Respondents, therefore, maintain that this matter should be transferred to the United States Court of Appeals for the Fifth Circuit.

Initially, since petitioner is explicitly seeking relief compelling the CIS to perform a duty allegedly owed to him, as well as habeas corpus relief, his petition is construed as seeking both a writ of habeas corpus and a writ of mandamus[3]. See, e.g. Garcia-Izquierdo v. Gartner, No. 04 Civ. 7377, 2004 WL 2093515 (S.D.N.Y. Sept. 17, 2004)(construing petitioner's *pro se* petition challenging his removal from the United States, which was styled as one for a writ of habeas corpus, *inter alia*, as also seeking a writ of mandamus compelling immigration authorities to adjudicate his application for certificate of citizenship).

A.  Jurisdiction

Regardless of the nature of the writ sought, this proceeding must be transferred to the appropriate court of appeals pursuant to the REAL ID Act of 2005 (RIDA), Pub. L. No. 109-13, Div. B, 119 Stat. 231, enacted on May 11, 2005, which amended the judicial review provisions of section 242 of the INA, 8 U.S.C. § 1252. Petitioner's petition challenges the underlying order

---

[3] The Declaratory Judgment Act (DJA), 28 U.S.C. §§ 2001, *et seq.*, the Administrative Procedure Act (APA), 5 U.S.C. §§ 701, *et seq.*, and the INA, all cited by petitioner as additional bases for jurisdiction, do not confer subject matter jurisdiction upon this court. See, e.g. Dinsey v. Department of Homeland Security-United States Citizenship & Immigration, No. 03 Civ. 10081, 2004 WL 1698630, at * 3 (S.D.N.Y. Jul. 28, 2004)(holding that the DJA, APA and INA do not confer subject matter jurisdiction on federal district courts).

of removal since the only remaining relief that he seeks is consideration of his application for a cancellation of removal. Section 106(a) of RIDA amends section 242 of the INA, 8 U.S.C. § 1252(2)(A)(i), to provide that the court of appeals is the exclusive means for judicial review of an order of removal. Specifically, that section provides, in relevant part, as follows:

> (5) Exclusive Means of Review – Notwithstanding any other provision of law, (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision, and sections 1361 [the mandamus statute] and 1651 [the All Writs Act] of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act * * *.

Thus, RIDA deprives this court of jurisdiction to review petitioner's petition. See, e.g. Barnes v. United States Immigration and Customs Enforcement, No. 05-CV-370, 2005 WL 1661652, at * 1 (E.D.N.Y. Jul. 14, 2005)(holding that RIDA deprived the court of jurisdiction to review petitioner's claim challenging the validity of the final order of removal issued against him).

Section 106(b) of RIDA provides that the "amendments made by subsection (a) shall take effect upon the date of the enactment of this division and shall apply to cases in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of the enactment of this division." Thus, RIDA is applicable to this proceeding notwithstanding that the order of removal challenged by petitioner was issued prior to its enactment or that this proceeding was commenced prior to its enactment. See, e.g. Campos-Javier v. Ashcroft, No. 04 CV 908, 2005 WL 1330922, at * 1 (S.D.N.Y. Jun. 6, 2005)(transferring action challenging an order of deportation which was pending in the district court on the date of RIDA's enactment to the appropriate court of appeals).

B. Transfer

Section 106(c) of RIDA provides, in relevant part, as follows:

> If an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, is pending in a district court on the date of enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal) to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b)(2) of the Immigration and Nationality Act (8 U.S.C. § 1252), as amended by this section * * *.

Pursuant to RIDA, since this court is without jurisdiction to entertain petitioner's claims challenging his removal from the United States, the petition must be transferred to the appropriate court of appeals. See, e.g. Barnes, 2005 WL 1661652, at * 1 (transferring petition challenging a removal order to the United States Court of Appeals for the Second Circuit pursuant to RIDA).

C. Appropriate Court of Appeals

Section 242(b)(2) of the INA, 8 U.S.C. § 1252(b)(2), provides that the appropriate court of appeals to which a petition for review of an order of removal is to be transferred is "the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." Since the immigration judge in this action completed the removal proceedings in Oakdale, Louisiana, which lies within the territorial jurisdiction of the United States Court of Appeals for the Fifth Circuit, that is the appropriate court of appeals to which this proceeding should be transferred. See, e.g. Barnes, 2005 WL 1661652, at * 2 (transferring action to the United States Court of Appeals for the Second Circuit because the immigration judge completed the

7

petitioner's removal proceedings at Napanoch, New York).

III. CONCLUSION

The clerk of the Court is directed to transfer this proceeding to the United States Court of Appeals for the Fifth Circuit. As the petitioner has already been removed from the United States, the issue of staying his deportation is moot. The clerk of the Court is further directed to close this case.

SO ORDERED.

/SANDRA J. FEUERSTEIN
United States District Judge

Dated: July 28, 2005
Central Islip, New York

Copies to:

The Meenan Law Firm, P.C.
1565 Franklin Avenue, Suite 320
Mineola, New York 11501

United States Attorney's Office
One Pierrepont Plaza
147 Pierrepont Street, 16th Floor
Brooklyn, New York 11201